UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SOMPB and NATEETIP BOSUWAN;<br>LEON and SHARON MADDEN; et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>FIRST OPTION MORTGAGE, LLC; et al.,<br><br>                Defendants. | 2:09-cv-2292-LRH-LRL<br><br>ORDER |

Before the court is defendant OneWest Bank, FSB's ("OneWest") motion for summary judgment. Doc. #33.[1] Plaintiffs Leon and Sharon Madden ("the Maddens") did not file an opposition to the motion.

**I.    Facts and Background**

On January 21, 2005, the Maddens executed an adjustable rate mortgage note with defendant OneWest doing business as IndyMac FSB. Eventually, the Maddens defaulted on the note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, the Maddens filed a complaint against defendants alleging eight causes of action: (1) breach of the implied covenants of good faith and fair dealing; (2) violation of NRS 598D.010; (3) consumer fraud; (4) negligence; (5) rescission; (6) violation of NRS 107.080;

---

[1] Refers to the court's docket number.

1  (7) injunctive relief; and (8) declaratory relief. Doc. #1, Exhibit A. Thereafter, defendant OneWest

2  filed the present motion for summary judgment on all claims to which the Maddens did not oppose.

3  Doc. #33.

4  **II.     Legal Standard**

5      **A.  Failure to Respond**

6      While the failure of an opposing party to file points and authorities in response to any

7  motion shall constitute a consent to the granting of the motion under LR 7-2(d), the Madden's

8  failure to file an opposition, in and of itself, is an insufficient ground for dismissal. *See Martinez v.*

9  *Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). A moving party must still meet its affirmative duty

10 under Rule 56 to demonstrate that it is entitled to judgment as a matter of law. *Id*. Thus, the absence

11 of an opposition does not change OneWest's burden of proof, and the court will consider

12 OneWest's motion on the merits.

13     **B.  Summary Judgment**

14     Summary judgment is appropriate only when "the pleadings, depositions, answers to

15 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

16 genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

17 law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together

18 with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable

19 to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

20 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

21     The moving party bears the burden of informing the court of the basis for its motion, along

22 with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*,

23 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party

24 must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could

25 find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.

26

1  1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

2  To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

    **A.  Breach of the Implied Covenants**

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, there is no evidence before the court that OneWest acted in any manner unfaithful to the purpose of the underlying loan contract. Rather, the evidence establishes that OneWest performed its obligations under the contract by providing the necessary funds for the Maddens to

3

1  purchase real property and that the Maddens failed to repay that money. Therefore, the court finds
2  that OneWest did not breach the implied covenants of good faith and fair dealing.

3       **B.  Nevada Unfair Lending Practices Act**

4       NRS 598D.100 prohibits lenders from making loans "without determining, using
5  commercially reasonable means or mechanisms, that the borrower has the ability to repay the home
6  loan." NRS 598D.100(1)(b). However, this suitability language was added in mid-2007 when the
7  statute was amended. Although the Maddens allege that OneWest violated the present version of
8  the statute, their loan originated in 2005, prior to the current amendment. Therefore, the Maddens'
9  loan cannot have violated the current statutory language requiring a determination that a borrower
10 has the ability to repay the loan.

11      Additionally, the Maddens' unfair lending practices claim is barred by the applicable statute
12 of limitations. The statute of limitations on an unfair lending practices claim under NRS 598D is
13 two (2) years. *See* NRS § 11.190(3)(a). Here, the Maddens received a loan in January 2005, and did
14 not file the present action until 2009, over two years after the statute of limitations had expired.

15      **C.  Consumer Fraud**

16      A claim for consumer fraud must be filed within four (4) years after an event which would
17 constitute consumer fraud under NRS 41.600(2). NRS 11.190(d)(2). In their complaint, the
18 Maddens identify the origination of the loan as the basis for their consumer fraud claim. *See*
19 Doc. #1, Exhibit A. Here, the Maddens' loan originated in January 2005, but they did not file the
20 present action until October 2009, after the four year statute of limitations period expired.
21 Accordingly, the Maddens' claim is barred by the applicable statute of limitations.

22      **D.  Negligence**

23      In order to allege a claim for negligence, a plaintiff must show: (1) a duty owed by
24 defendants to plaintiff; (2) a breach of that duty by defendants; (3) causation; and (4) damages. *See*
25 *Hammerstein v. Jean Dev. W.*, 907 P.2d 975, 977 (Nev. 1995). There is no special duty of care

26

owed by a financial institution when the institution's involvement in a loan transaction does not exceed the scope of a mere lender. *See Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal.App. 3d 1089, 1096 (Cal. App. 1991); *see also, Wagner v. Benson*, 101 Cal.App. 3d 27, 34 (Cal. App. 1980) ("Liability to a borrower for negligence arises only when a lender actively participates in the finance enterprise beyond the demand of the usual money lender.").

Here, there is no evidence that the lending transaction was anything more than an arms-length transaction by the defendants. Thus, OneWest had no duty towards the Maddens beyond those associated with a normal loan transaction. Absent a duty, there can be no breach as a matter of law. *See A.C. Shaw Constr.*, 784 P.2d at 10.

**E. NRS 107.080**

The Maddens allege that defendants violated NRS 107.080 by not complying with the applicable provisions concerning mailing of the notice of trustee's sale. However, the evidence before the court establishes that the Maddens received notice of the recordation of default and the trustee's sale in accordance with the applicable provisions of NRS 107.080. Therefore, the court finds that defendant OneWest is entitled to summary judgment that it did not violate Nevada's recording statute.

**F. Rescission, Declaratory and Injunctive Relief**

Claims for rescission, injunctive and/or declaratory relief are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not separate causes of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007) (holding that a claim for injunctive relief was not a separate cause of action or independent ground for relief). Here, the Maddens have not established any claims for relief. Accordingly, the Maddens are not entitled to their requested relief.

///

///

5

1  IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #33) is GRANTED. Defendants OneWest Bank, FSB and IndyMac FSB are DISMISSED as defendants in this action.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment appropriately.

IT IS SO ORDERED.

DATED this 16th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE